EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
NATHANIEL B. WALKER (Cal. Bar No. 224473)
Assistant United States Attorney
General Crimes Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0282
    Facsimile: (213) 894-0141
    E-mail:    nathaniel.walker@usdoj.gov

Attorneys for Complainant
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
OCT 1 2015
CENTRAL DISTRICT OF CALIFORNIA
BY    DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

IN THE MATTER OF THE EXTRADITION OF

KENNETH WAYNE FROUDE,

A fugitive from the Government of Canada.

CR Misc. No. 15-1770M

UNITED STATES' REQUEST FOR DETENTION PENDING EXTRADITION PROCEEDINGS

    Complainant, United States of America, by and through its counsel of record, the United States Attorney, hereby submits its request for detention pending further extradition proceedings.

Dated: October 1, 2015

Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

      /s/
NATHANIEL B. WALKER
Assistant United States Attorney

Attorneys for Complainant
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL BACKGROUND

This is an extradition matter. The fugitive, KENNETH WAYNE FROUDE, has been arrested pursuant to an extradition arrest warrant based on an extradition request from Canada. The fugitive is the subject of two separate warrants issued by Canadian courts for four criminal offenses. The United States submits that detention of the fugitive is appropriate, and moves for such detention.

## II. ARGUMENT

In foreign extradition matters there is a presumption against bail and only "special circumstances" will justify release on bail. United States v. Salerno, 878 F.2d 317, 317 (9th Cir. 1989); see also Matter of Extradition of Smyth, 976 F.2d 1535, 1535-36 (9th Cir. 1992); Kamrin v. United States, 725 F.2d 1225, 1228 (9th Cir. 1984). "Special circumstances" are limited to situations in which the justification for release is pressing as well as plain. United States v. Kin-Hong, 83 F.3d 523, 524 (1st Cir. 1996). The "special circumstances" test permits release on bail only where: (1) "special circumstances" exist, and (2) the fugitive is not a flight risk or danger to the community. See, e.g., Extradition of Gonzalez, 52 F. Supp. 2d 725, 735 (W.D. La. 1999). The "special circumstances" test is the standard for release on bail prior to the extradition hearing. See United States v. Williams, 611 F.2d 914, 914-15 (1st Cir. 1979) (district court erred in limiting the "special circumstances" rule to post-hearing bail applications); Extradition of Mironescu, 296 F. Supp. 2d 632, 634 (M.D.N.C. 2003); cf. Wright v. Henkel, 190 U.S. 40, 41, 62-63 (1903) (case that originated the "special circumstances" test).

A number of aspects of the "special circumstances" test in extradition cases merit special emphasis. First, the burden of showing special circumstances rests upon the fugitive. See, e.g., Salerno, 878 F.2d at 317-18. Second, the absence of flight risk does not constitute a special circumstance, nor is it a basis for release absent "special circumstances." Id.; accord Williams, 611 F.2d at 915; Hababou v. Albright, 82 F. Supp. 2d 347, 352 (D.N.J. 2000); Koskotas v. Roche, 740 F. Supp. 904, 919 (D. Mass. 1990), aff'd, 931 F.2d 169 (1st Cir. 1991); In Re Extradition of Siegmund, 887 F. Supp. 1383, 1387 (D. Nev. 1995); United States v. Hills, 765 F. Supp. 381, 385 (E.D. Mich. 1991). Third, although there is no finite list of factors that may constitute "special circumstances," courts have stated that there is a presumption against bail and have narrowly circumscribed the set of factors that may present special circumstances. Matter of Extradition of Sutton, 898 F. Supp. 691, 694 (E.D. Mo. 1995) ("Courts have taken a limited view of what constitutes "special circumstances."); Hills, 765 F. Supp. at 385. Nearly a century ago, Judge Learned Hand wrote that bail should be granted in extradition cases "only in the most pressing circumstances, and when the requirements of justice are absolutely peremptory." In re Mitchell, 171 F. 289 (S.D.N.Y. 1909). The courts' frequent rejection of claims of special circumstances since Judge Hand's day have shown that this principle remains sound. See, e.g., Extradition of Smyth, 976 F.2d at 1535-36 (the need to consult with counsel, gather evidence and confer with witnesses do not support finding of special circumstances); Hababou v. Albright, 82 F. Supp. 2d at 351-52 (delay in extradition of at least a year while

fugitive was awaiting trial on U.S. charges does not constitute special circumstances).

The rationale that informs the presumption against bail in extradition cases is that the United States has an "overriding foreign relations interest in complying with treaty obligations and producing extradited persons." Hills, 765 F. Supp. at 385. The courts have long recognized that the presentation of the forfeited bond to the requesting nation, in lieu of the body of the prisoner, would fail to satisfy the international demand and would cause embarrassment to the United States and damage to its foreign policy interests. See Wright v. Henkel, 190 U.S. at 62; accord Jimenez v. Aristiguieta, 314 F.2d 649, 653 (5th Cir. 1963) ("No amount of money could answer the damage that would be sustained by the United States were the appellant to be released on bond, flee the jurisdiction, and be unavailable for surrender, if so determined. The obligation of this country under its [extradition] treaty with Venezuela is of paramount importance."); Borodin v. Ashcroft, 136 F. Supp. 2d 125, 134 (E.D.N.Y. 2001) ("[T]he presumption against bail in extradition cases counsels against incurring even a small risk [of flight] absent special circumstances."); United States ex rel. McNamara v. Henkel, 46 F.2d 84, 84-85 (S.D.N.Y. 1912) (presentation of forfeited bail to a foreign nation "is ridiculous, if not insulting"). In the instant matter, no special circumstances appear to be present that would justify the release of the fugitive.

III. CONCLUSION

No special circumstances appear to be present here that would justify the release of the fugitive on bail. Even if such special circumstances were present, the fugitive presents a danger to the

3

1 | community and an unacceptable risk of flight.  The United States
2 | reserves the right, if the Court finds the presence of special
3 | circumstances, to argue to the Court the issues of flight risk and
4 | danger to the community.